IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH DUFRESNE-HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-965-NJR-SCW |
| | ) |
| CARLYLE COMMUNITY UNIT | ) |
| SCHOOL DISTRICT NO. 1, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* to determine whether the removal of this case to federal court was proper. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) ("Federal courts are obliged to inquire *sua sponte* wherever the propriety of the removal of a claim to federal court is in question"); *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013) ("The federal courts have an independent obligation at each stage of the proceedings to ensure that [they] have subject matter jurisdiction over the dispute.") (citation and internal quotation marks omitted).

Plaintiff Elizabeth Dufresne-Hopkins filed a *pro se* complaint in the Circuit Court of Clinton County, Illinois, on July 15, 2016, seeking judicial review under the Illinois Administrative Review Law, 735 ILL. COMP. STAT. 5/3-101, *et seq.*, of the disciplinary decision by the Carlyle Community Unit School District No. 1 School Board (the "School Board") against her child (Doc. 1-1). In the complaint, Plaintiff alleges that the School Board's decision was arbitrary and capricious "because said decision is not in accordance with school policy" (Doc. 1). Shortly thereafter, Plaintiff apparently retained

counsel, who filed a motion for preliminary injunction (Doc. 1-1). In a nutshell, the motion alleges that Plaintiff's child was essentially expelled from Carlyle High School and the expulsion was in violation of the child's "due process rights" and was "completely arbitrary, unreasonable, and excessive" and "an extreme abuse of discretion" (Doc. 1-1). Plaintiff asks the Court to prohibit the school district from enforcing the expulsion and preventing her son from enrolling in classes at Carlyle High School (Doc. 1-1). Defendant apparently took Plaintiff's use of the words "due process" in her motion to mean that she was asserting "a cause of action pursuant to the Due Process Clause of the Fourteenth Amendment," and Defendant removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1441(a), with supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 (Doc. 1).

This Court's determination of jurisdiction on removal begins with § 1441(a), which permits a defendant to remove any civil action filed in state court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005) "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Caterpillar, Inc.*, 482 U.S. at 392). Federal district courts have original jurisdiction over cases that present a federal question, meaning cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Nelson*, 422 F.3d at 466. As the party asserting federal jurisdiction, Defendant bears the burden of establishing it. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir.

2013). The removal statutes are to be construed strictly and any genuine doubts as to the propriety of removal must be resolved in favor of remand to state court. *Id.*; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

In this instance, the Court concludes that Defendant has not established a basis for federal-question removal jurisdiction. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chicago*, 522 U.S. at 163 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)). "As the master of his own complaint, [Plaintiff] may avoid federal jurisdiction by pleading only state-law claims." *Nelson*, 422 F.3d at 466; *Caterpillar, Inc.*, 482 U.S. at 392. *See also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). "[T]he paramount policies embodied in the well-pleaded complaint rule . . . [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."

That being said, a plaintiff "may not avoid removal to federal court by omitting necessary federal questions from their complaints through artful pleading." *Ne. Rural Elec. Membership*, 707 F.3d at 893. "Put another way, a 'plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal.'" *Id.* (quoting 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (4th ed.)). Therefore, in certain

limited circumstances, an action will be deemed to arise under federal law and federal-question removal jurisdiction will be upheld even if there is no federal question apparent on the face of the complaint. For example, removal is allowed "where federal law completely preempts an asserted state-law claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998).[1] Removal is also allowed in cases where a "disputed question of federal law is a necessary element of one of the well-pleaded state claims." *City of Chicago*, 522 U.S. at 164.[2]

Here, Defendant does not argue that Plaintiff's original complaint presents any federal question on its face (*see* Doc. 1). And in fact, it does not. It asserts exactly one claim for judicial review under the Illinois Administrative Review Law (Doc. 1-1, p. 1). The complaint does not in any manner state a federal due process claim, present any issues of federal law, or make any allegations that could possibly be construed as a federal constitutional claim (*see* Doc. 1-1). Thus, the Court cannot conclude that federal-question jurisdiction exists based on the well-pleaded complaint rule.

The Court also cannot conclude that federal-question jurisdiction exists based on one of the exceptions to the well-pleaded complaint rule. Specifically, Defendant makes no argument that Plaintiff's state law claim is completely preempted by federal law (*see*

---

[1] *See also Caterpillar Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); 14B Federal Practice and Procedure § 3722.2 (explaining that complete preemption has been extended to certain claims under the Labor Management Relations Act, ERISA, the National Bank Act, and the Federal Deposit Insurance Act).

[2] *See also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983) ("[A] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." (quoting); *Ne. Rural Elec. Membership*, 707 F.3d at 890 ("When a plaintiff omits from its pleadings federal questions that are necessary elements of a claim, courts will read the necessary federal elements into the complaint."); 14B Federal Practice and Procedure § 3722.1 (explaining that artful pleading doctrine has been applied to situations in which significant federal issues are embedded within state law causes of action).

Doc. 1), and the Court knows of no basis for concluding as much. Defendant also does not assert that a significant constitutional issue is embedded within Plaintiff's state law claim (*see* Doc. 1), and it seems rather obvious to the Court that Plaintiff's state law claim does not depend on resolving whether her son's federal due process rights were violated.

Instead, as previously mentioned, Defendant asserts that federal question jurisdiction exists based on the allegations in Plaintiff's motion for preliminary injunction (Doc. 1). But Defendant does not argue (much less cite to any supporting authority) that allegations in a motion for preliminary injunction can somehow be used to add a new claim that was not been pleaded in the complaint (*see* Doc. 1). The Court's own research suggests that it cannot be done.³

Even if that were not the case, after reviewing Plaintiff's motion for preliminary injunction, the Court believes the allegations in that motion are far too ambiguous to be construed as stating a federal due process claim. In the motion, the words "due process" are mentioned only twice (Doc. 1-1, p. 3 ¶¶8, 9). Plaintiff never mentions the United States Constitution, the Fourteenth Amendment, 42 U.S.C. § 1983 (which is, of course,

---

³ *Cf. Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (holding that motion to amend complaint seeking to add a federal claim cannot serve as a basis for federal-question removal jurisdiction until the state court judge grants the motion because "[u]ntil then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion."); *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (same); *Eggert v. Britton*, 223 F. App'x 394, 398 (5th Cir. 2007) (constitutional claims purportedly raised in interrogatory response were not pled in the complaint and therefore could not serve as a basis for removal under § 1446(b)(3)); *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 794 (S.D. Miss. 1999) (deposition testimony relating to a putative federal claim that has not yet been pled cannot be used as a basis for removal under § 1446(b)(3)); *Breiding v. Wilson Appraisal Servs., Inc.*, No. 5:14CV124, 2016 WL 1175257, at *4 (N.D.W. Va. Mar. 23, 2016) (same); *Blanding v. Bradley*, No. CIV. SAG-14-337, 2014 WL 1514675, at *2 (D. Md. Apr. 15, 2014) (same); *Watson v. City of Meridian, MS*, No. 4:08CV4 DPJ-JCS, 2008 WL 907655, at *1 (S.D. Miss. Mar. 31, 2008) (constitutional claims purportedly raised in responses to requests for admission were not pled in the complaint and therefore could not serve as a basis for removal under § 1446(b)(3)).

the vehicle for bringing a Fourteenth Amendment claim), or even the word "federal" (*see* Doc. 1-1). Instead, both times the words "due process" are used, they are surrounded by references to procedural requirements listed in the Illinois School Code and the School Board's own Policy Manual and by details as to how the disciplinary decision was made in contravention of those requirements (*see* Doc. 1-1, p. 3 ¶¶8–15). Against this backdrop, it seems pretty clear that Plaintiff is challenging the denial of process guaranteed to her and her son by the law of Illinois and the School Board's own policies, not the federal constitution. Accordingly, the motion for preliminary injunction cannot fairly be read to assert a federal due process claim.[4]

Consequently, the Court concludes that there is no claim that arises under federal law, federal-question jurisdiction does not exist, and removal of this case was improper. Accordingly, this case is **REMANDED** to the Circuit Court of Clinton County, Illinois. Plaintiff's pending motion for preliminary injunction (Doc. 1-1) and Defendant's pending motion to dismiss (Doc. 7) are **DENIED without prejudice** subject to refiling in the state court following remand, if appropriate.

**IT IS SO ORDERED.**

DATED:   September 8, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[4] *See, e.g., Pleasants v. Eastfield Police Dep't of Dallas Cty. Cmty. Coll. Dist.*, No. 3:13-CV-02797-N-BK, 2014 WL 292061, at *2 (N.D. Tex. Jan. 27, 2014) ("[T]he undersigned does not find that Plaintiff's scattered reference to the term 'due process' in the 24–page petition . . . is sufficient to invoke federal jurisdiction."); *Anthon v. Dep't of Veterans Affairs*, No. 09-CV-975, 2009 WL 3739435, at *1 (E.D. Wis. Nov. 4, 2009) ("[T]he mere mention of the phrase "due process" is not sufficient to state a claim."); *In re Bridgestone/Firestone Inc. Tires Prod. Liab. Litig.*, 203 F. Supp. 2d 1032, 1036 (S.D. Ind. 2002) ("A rule providing that mere mention of a federal statute in a complaint based on a state cause of action confers federal question jurisdiction would be a simple rule to apply, but it is not the law and cannot aid Ford's removal effort.")